erred in voiding her obligation for child support and in precluding Husband's garnishment proceeding to enforce that obligation.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997.

*Mann, Bracken, Layng & Knezo, W. Christopher Bracken III,* for appellant.

*Barbara Jean Mastin,* for appellee.

## S97A1427. COLE v. COLE.
### (489 SE2d 850)

HUNSTEIN, Justice.

James Cole was held in wilful contempt of court for his failure to perform certain affirmative actions the trial court required of him in a May 1996 order. Cole challenges the contempt holding on the basis that it was "legally impossible" for him to comply with the trial court's May 1996 ruling. However, Cole did not file an appeal from the May 1996 order; his motion for reconsideration in the trial court was untimely; and Cole has not utilized any of the methods under OCGA § 9-11-60 to challenge the May 1996 order. Under these circumstances, Cole cannot challenge the validity of the May 1996 order in the subsequent contempt proceeding.[1]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997.

*Kutner & Bloom, Jean M. Kutner, Daniel A. Bloom,* for appellant.

*H. Darrell Greene & Associates, Patrick H. Head,* for appellee.

## S97Y1539, S97Y1540, S97Y1541. IN THE MATTER OF LYNN FINNEY HAYWOOD.
### (489 SE2d 849)

PER CURIAM.

In these three disciplinary matters, the State Bar, following

---

[1] This holding renders it unnecessary for us to address the second question for which Cole's application for discretionary appeal was granted.

findings of probable cause by the Investigative Panel, properly served Respondent, Lynn Finney Haywood, with Notices of Discipline alleging violations of various professional standards in connection with her representation of three clients. Haywood failed to file a Notice of Rejection in any of these cases, and is, accordingly, in default. Bar Rule 4-208.1 (b). Based on Haywood's admissions by virtue of her default, her prior disciplinary infractions, and the pattern of Haywood's neglect and abandonment of client matters as reflected in these cases, we order Haywood disbarred from the practice of law in this state.

In these cases Haywood agreed to handle the client's case, did not perform work for the client, did not respond to the client's queries about the status of the client's case, did not return the client's file or Haywood's unearned fee on the client's request, converted the client's money to her own and commingled it with that of her own, and failed to file a response to the Notice of Investigation in each case as required by Bar Rule 4-204.3. In addition, in one case Haywood demanded and received illegal narcotics as payment for legal services she stated she would perform.

We agree with the State Bar that Haywood's conduct in these cases violated the following professional standards of Bar Rule 4-102 (d): 3 (illegal professional conduct involving moral turpitude); 4 (professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 5 (false, fraudulent or misleading communications); 21 (failure to withdraw from employment when discharged by the client); 22 (failure to properly withdraw from employment); 23 (failure on withdrawal from employment to promptly refund unearned fees); 44 (wilful abandonment or disregard of a client's legal matter); 45 (using false statements or otherwise engaging in illegal conduct or conduct in violation of disciplinary rules in the representation of a client); 63 (failure to maintain complete records of client); 65 (commingling client funds with those of the lawyer); 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules). We also agree that the following aggravating circumstances are present in these cases, warranting increased discipline: Haywood's prior disciplinary offenses,[1] the pattern of misconduct and multiple offenses, her dishonest motive, her refusal to acknowledge the wrongful nature of her conduct, her indifference to making restitution and her failure to comply with the rules of the disciplinary authorities.

Accordingly, Haywood is disbarred from the practice of law in Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

---

[1] On September 23, 1994 this Court ordered that Haywood receive a public reprimand for violations of Standards 22, 44 and 68, and she was given an Investigative Panel reprimand on March 22, 1996.

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.

S97G0257. UNITED STATES FIDELITY & GUARANTY
COMPANY v. REID.
(491 SE2d 50)

CARLEY, Justice.

In order to recover damages allegedly sustained in an automobile collision in December 1991, Karen Reid filed suit in February 1993 against Spencer Lee Parker and Bobby Parker, who were insured by State Casualty Insurance Company. State Casualty was declared insolvent in January 1994. In March 1995, Ms. Reid served her uninsured motorist carrier (UMC), United States Fidelity & Guaranty Company (USF&G). Ms. Reid then voluntarily dismissed that suit and refiled the present renewal action within the six-month period contemplated by OCGA § 9-2-61. In the renewal action, USF&G moved for summary judgment, contending that the original suit was void as to it because the applicable two-year statute of limitation had expired before it was served or identified for service and, therefore, the renewal action was improper. The trial court granted summary judgment in favor of USF&G. The Court of Appeals reversed, concluding that the underlying action was merely voidable as to USF&G, not void. *Reid v. U. S. Fidelity &c. Co.,* 223 Ga. App. 204, 205 (1) (477 SE2d 369) (1996). We granted certiorari to consider whether a suit in which a UMC is served after the running of the statute of limitation is subject to dismissal and renewal under OCGA § 9-2-61. Because we hold that a UMC may be served after the running of the statute of limitation in a valid renewal action, we affirm the judgment of the Court of Appeals.

" 'The "privilege" of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable.' [Cit.]" *Hobbs v. Arthur,* 264 Ga. 359, 360 (444 SE2d 322) (1994). The issue is not whether the previous suit was void or merely voidable *as to each entity* served in the renewal suit. Instead, the issue is whether the previous suit itself was or was not "wholly void." *Cutliffe v. Pryse,* 187 Ga. 51, 54 (1) (200 SE 124) (1938); *United States Cas. Co. v. American Oil Co.,* 104 Ga. App. 209, 212 (1) (121 SE2d 328) (1961). Reid's previous suit clearly